IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CURTIS JAMES McGUIRE<br>TDCJ-CID No. 2004589,<br><br>    Plaintiff,<br><br>v.<br><br>UNKNOWN DEFENDANTS,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:24-CV-00061-Z-BR |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS COMPLAINT**

Plaintiff Curtis James McGuire ("McGuire"), proceeding *pro se*, filed this civil rights case under 42 U.S.C. § 1983. (ECF 3). For the reasons stated below, the U.S. Magistrate Judge recommends that McGuire's Complaint be DISMISSED *sua sponte* without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court.

This lawsuit was filed on March 29, 2024. (ECF 3). On April 1, 2024, the Court issued a Order and Notice of Deficiency ("Deficiency Order"), which ordered McGuire to (1) either pay the filing fee or submit an Application for Leave to Proceed *In Forma Pauperis*; (2) if filing an Application for Leave, to include an *In Forma Pauperis* Data Sheet; and (3) to submit his complaint on the form sent to him by the clerk. McGuire's deadline to comply was May 1, 2024. (ECF 4). On May 5, 2024, McGuire submitted his Complaint on the proper form in accordance with the Deficiency Order, but did not pay the filing fee or submit an application to proceed *in forma pauperis*. (ECF 5). On May 31, 2024, the Court *sua sponte* extended McGuire's deadline to

June 20, 2024, in which to pay the filing fee or submit an *in forma pauperis* request. (ECF 9). As of the date of this Order, McGuire has not complied.

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," for failure to prosecute or for failure to comply with the federal rules or any court order. *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–36 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order."). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate here. McGuire's failure to fully comply with the Court's Deficiency Order appears to reflect an intent to abandon this lawsuit rather than to create purposeful delay. Regardless, this case cannot proceed without his compliance.

### RECOMMENDATION

The United States Magistrate Judge hereby recommends that the Complaint filed by Curtis James McGuire (ECF 3) be DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to follow this Court's previous Orders. *See* FED. R. CIV. P. 41(b).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 17, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).